**Opinion issued July 28, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NOS. 01-25-00496-CR**

**01-25-00497-CR**

_____

## EX PARTE MICHAEL DEWAYNE WILKERSON

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1912473 & 1912475**

---

### MEMORANDUM OPINION

Michael Dewayne Wilkerson appeals from the trial court's denial of his pretrial petition for a writ of habeas corpus seeking a reduction in the amount of bail. But because the two underlying criminal cases no longer remain pending in the trial court, the amount of bail the trial court imposed in those two cases has become moot. We therefore dismiss these correspondingly moot appeals for lack of jurisdiction.

## BACKGROUND

Wilkerson filed the two instant appeals, asking this court to reduce the amount of bail imposed by the trial court in two cases. The trial court imposed bail of $1,000,000 in connection with a capital murder charge in Cause No. 189323301010 and $250,000 in connection with a tampering with evidence charge in Cause No. 189323501010. Wilkerson asked that we set the total amount of bail at $150,000.

However, the Harris County District Clerk's website shows that Wilkerson pled guilty to a reduced charge of murder in Cause No. 189323301010. The trial court signed a judgment of conviction in that case on June 10, 2026. On the same date, the trial court dismissed Cause No. 189323501010 on the State's motion.

## DISCUSSION

An appeal from the denial of a pretrial petition for a writ of habeas corpus seeking a reduction in the amount of bail becomes moot when the underlying criminal case no longer remains pending. *See, e.g.*, *Ex parte Berber*, No. 01-16-00165-CR, 2016 WL 3165628, at *1 (Tex. App.—Houston [1st Dist.] June 7, 2016, no pet.) (mem. op., not designated for publication) (conviction renders moot an appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction); *Ex parte Williams*, No. 14-03-00482-CR, 2004 WL 349928, at *1 (Tex. App.—Houston [14th Dist.] Feb. 26, 2004, no pet.) (mem. op., not designated for publication) (defendant's guilty plea and dismissal of other charges against him rendered moot

2

appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction).

We issued notices of our intent to dismiss these appeals as moot, giving Wilkerson ten days to show they had not become moot. These ten days have passed, and Wilkerson has not filed a response. Thus, we hold that his appeals are moot.

## CONCLUSION

We dismiss these moot appeals for lack of subject-matter jurisdiction.


David Gunn
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).